UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN VITT, Individually and on Behalf of All Others Similarly Situated, | No. 10-55941 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-07152-GW-FMO |
| v. | Central District of California, Los Angeles |
| APPLE COMPUTER, INC., a California corporation, | ORDER |
| Defendant - Appellee. | |

Before: NOONAN, GOULD, and IKUTA, Circuit Judges.

The memorandum in the above-captioned matter filed on December 21, 2011 is **AMENDED**. The amended memorandum shall be filed concurrently with this order.

With these changes, the panel has unanimously voted to deny the petition for panel rehearing. Judges Gould and Ikuta have voted to deny the petition for rehearing en banc, and Judge Noonan so recommends. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The Petition of Appellant for Rehearing and Suggestion for Hearing En Banc is **DENIED**. No future petitions for rehearing or rehearing en banc will be entertained.

FILED

FEB 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN VITT, Individually and on Behalf of All Others Similarly Situated, | No. 10-55941 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-07152-GW-FMO |
| v. | |
| APPLE COMPUTER, INC., a California corporation, | AMENDED MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 6, 2011
Pasadena, California

Before: NOONAN, GOULD, and IKUTA, Circuit Judges.

Appellant Alan Vitt ("Vitt") appeals the district court's Fed. R. Civ. P.

12(b)(6) dismissal of his second amended complaint against Apple Computer Co.

("Apple") alleging violations of California consumer protection law on behalf of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

all purchasers of the iBook G4 Laptop Computer ("the iBook G4").[1] The crux of Vitt's contention, building on his dissatisfaction that his iBook G4 failed shortly after his one year warranty had expired, is that the iBook G4 does not last "at least a couple of years," which he alleges a reasonable consumer expects from a laptop. Vitt alleges that this is because one of the solder joints on the logic board of the iBook G4 degrades slightly each time the computer is turned on and off, eventually causing the joint to break and the computer to stop working shortly after Apple's one year express warranty has expired. Vitt further alleges that Apple affirmatively misrepresented the durability, portability, and quality of the iBook G4 and did not disclose the alleged defect. The district court held that Apple's affirmative statements were non-actionable puffery, and that Apple had no duty to disclose the alleged defect under *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824 (2006).

We affirm for substantially the reasons given by the district court, which thoughtfully addressed the controlling issues of California law. In a different context we have held that to be actionable as an affirmative misrepresentation, a

---

[1] Vitt alleges violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq.*, the California False Advertising Law, Cal. Bus. & Prof. Code. § 17500 *et seq.*, and the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

statement must make a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Coastal Abstract Serv. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999). California courts have also held that "mere puffing" cannot support liability under California consumer protection law. *See Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1361 n.3 (2003) (*citing Hauter v. Zogarts*, 14 Cal.3d 104, 111 (1975)). Vitt challenges Apple's advertising because it stated that the iBook G4 is "mobile," "durable," "portable," "rugged," "built to withstand reasonable shock," "reliable," "high performance," "high value," an "affordable choice," and an "ideal student laptop." The district court held that these statements are generalized, non-actionable puffery because they are "inherently vague and generalized terms" and "not factual representations that a given standard has been met." We agree. Even when viewed in the advertising context as Vitt urges, these statements do not claim or imply that the iBook G4's useful life will extend for "at least a couple of years." For example, to the extent that "durable" is a statement of fact it may imply in context that the iBook G4 is resistant to problems occurring because of its being dropped, but not that it will last for a duration beyond its expressed warranty.

Vitt also contends that Apple had an affirmative duty to disclose the alleged defect. The district court dismissed these claims under *Daugherty*, 144 Cal. App. 4th 824, and subsequent federal cases applying its reasoning to class actions where laptop computers failed as a result of alleged design defects. *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 969–70 (N.D. Cal. 2008), *aff'd* 322 Fed. Appx. 489 (9th Cir. 2009) (holding that there was no omission cause of action because any defects manifested after expiration of the warranty period); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1104–05 (N.D. Cal. 2007) (holding that there was no omission cause of action for alleged soldering defect in laptop computer); *Long v. Hewlett-Packard Co.*, No. 06-02816, 2007 WL 2994812, at *8 (N.D. Cal. July 27, 2007), *aff'd* 316 Fed. Appx. 585 (9th Cir. 2009) ("HP is not alleged to have made any representation as to the life of [its laptop computers]. As such, a consumer's only reasonable expectation was that the [computers] would function properly for the duration of HP's limited one-year warranty. HP fulfilled this expectation."). These federal cases persuasively read *Daugherty* to hold that there is no duty to disclose that a product may fail beyond its warranty period absent an affirmative misrepresentation or a safety risk.

Vitt argues that Apple has an affirmative duty to disclose a defect because it has "exclusive knowledge of material facts not known to the plaintiff," namely that

4

the iBook G4 has a defective logic board, and it "actively concealed" that fact, relying on *LiMandri v. Judkins* 52 Cal. App. 4th 326, 336–37 (1997). *Judkins* is a common law fraud case, but a recent California case has applied its reasoning to the California consumer protection laws that Vitt alleges Apple has violated here. *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255–56 (2011). In *Collins*, the plaintiffs brought a lawsuit on behalf of themselves and all similarly situated California residents who allegedly purchased computers with defective floppy disk controllers. According to the complaint, the defendants knew that the computers contained a defective microchip that caused them to improperly read data from floppy disks, resulting in data corruption, and yet the defendants continued to include a written warranty that the computers were "free from defects in materials and workmanship under normal use for a period of one year from the date of purchase." *Id.* at 253. The California Court of Appeals reversed a lower court's dismissal of the plaintiffs' California Consumer Legal Remedies Act and Unfair Competition Law claims, holding that the complaint adequately alleged that the defendants had "exclusive knowledge of material facts not known or reasonably accessible to the plaintiff" and that the defendant had actively concealed those facts. *Id.* at 255–56. The court distinguished *Daugherty* because plaintiffs were "not attempt[ing] an end-around the warranty laws." *Id.* at 257. The court quoted

5

with approval plaintiffs' argument that this is "not a situation where the [micro]chip is complete and operational when sold, but wears out or breaks over time because of use and [wear and tear]" but rather a situation where the alleged defect "results from [computer hardware] logic that was *never installed* on the chip, thus rendering the chip susceptible to corrupting data and failure to meet industry standards the instant the chip was manufactured." *Id.* (emphasis and alterations in original).

By contrast, the defect alleged in this case is that one of the iBook G4's components "wears out or breaks over time because of use" at a rate faster than consumers would reasonably expect. *Id.* Vitt alleges that when this component breaks the computer no longer works, but the defect is not alleged to have any effect on the iBook G4's functionality until it fails. Adopting Vitt's theory would effectively extend Apple's term warranty to "at least a couple of years" based on subjective consumer expectations. *See Oestreicher*, 544 F. Supp. 2d at 971–72. We would be surprised if the California Supreme Court found such an extension in the consumer protection laws at issue here. *See Seely v. White Motor Co.*, 63 Cal.2d 9, 18 (1965) ("[A consumer can] be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will."). Accordingly, *Collins* is not applicable here. We agree with the

6

district court that Apple was under no duty to disclose the alleged defect in its iBook G4s.

Vitt's argument that Apple's express warranty is procedurally and substantially unconscionable because it is an exculpatory contract that has the effect of "releasing [Apple] from responsibility for its own fraud" is without merit.

**AFFIRMED.**